UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES J. MACHOWSKI,<br>     Plaintiff,<br>v.<br>OGDEN UNIT OWNERS' ASSOCIATION,<br>     Defendant. | Case No. 2:25-cv-00583-NJK[1]<br>**Order**<br>[Docket Nos. 7, 25, 33] |

Pending before the Court is the parties' stipulation to dismiss two prayers for relief and to revise one, Docket No. 33, which is hereby **GRANTED**. Plaintiff is **ORDERED** to immediately file and serve his amended petition. Accordingly, Defendant's motion to dismiss, Docket No. 7, is **DENIED** as moot.

Also pending before the Court is Plaintiff's motion for preliminary injunction. Docket No. 25. A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The proper legal standard for preliminary injunctive relief requires a party to demonstrate (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).

Federal courts are courts of limited jurisdiction, limited to deciding cases or controversies. *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 654 (9th Cir. 2002). The case-or-controversy requirement is jurisdictional. *Feldman v. Bomar*, 518 F.3d 637, 642 (9th Cir. 2008); *Headwaters, Inc. v. Bureau of Land Mgmt.*, 893 F.2d 1012, 1015 (9th Cir. 1990). Hence, in the absence of a genuine "case or controversy," the Court cannot rule on the matter and the case is said to be "moot." *Pinnacle Armor, Inc. v. United States*, 648 F.3d 708, 715 (9th Cir. 2011) (citations and

---

[1] On April 24, 2025, the case was referred to the undersigned magistrate judge on the parties' consent. Docket Nos. 10, 11, 12.

quotations omitted). Similarly, a party cannot seek injunctive relief without first alleging a case or controversy in the operative pleading. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("A court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

Here, the Court has granted Plaintiff leave to amend his petition for declaratory judgment. For example, the Court has granted the parties' request to dismiss Plaintiff's claim that "Defendant is acting under color of [s]tate law when attempting to enforce NRS 116.31184." *See* Docket No. 33 at 2. However, Plaintiff's motion for preliminary injunctions alleges that Defendant's "board intends to enforce NRS 116.31184." Docket No. 25 at 6. *See Stewart v. US INS*, 762 F.2d 193, 198 (2d Cir. 1985) (holding that the district court was without jurisdiction to issue a preliminary injunction because plaintiff's complaint did not encompass the issue underlying the injunction request). Not only must there be an operative pleading, but there must be a relationship between the injury claimed in the preliminary injunction motion and the conduct asserted in the complaint. *Id*. Although the entirety of Plaintiff's petition for declaratory judgement is not subject to change, *see* Docket No. 33 at 2, the Court cannot conduct the appropriate analysis for Plaintiff's motion, which calls for a consideration of the likelihood of success on the merits of the claims in the operative pleading. *Gibbs v. Sanchez*, No. CV 16-9013-RGK (PLA), 2018 WL 5903893, at *2 (C.D. Cal. Feb. 2, 2018); *see also see Garcia v. Google, Inc.*, 786 F.3d 733, 744 (9th Cir. 2015) (because of a "mismatch" between the plaintiff's claim and the dangers she hoped to remedy through an injunction, the district court did not abuse its discretion in denying her request for preliminary injunction).

Accordingly, the Court **DENIES** Plaintiff's motion for preliminary injunction as moot. Docket No. 25.

Dated: July 16, 2025

Nancy J. Koppe
United States Magistrate Judge