**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JAMES J. MACHOWSKI,

    Plaintiff,

v.

OGDEN UNIT OWNERS ASSOCIATION,

    Defendant.

Case No. 2:25-cv-00583-NJK

**Order**

[Docket No. 36]

Pending before the Court is Defendant's motion to dismiss Plaintiff's first amended petition for declaratory judgment. Docket No. 36; *see also* Docket No. 35. Plaintiff filed a response.[1] Docket No. 38. Defendant filed a reply. Docket No. 40. The Court does not require a hearing. *See* Local Rule 78-1.

**I.      BACKGROUND**

This action arises from a dispute between Plaintiff and the unit-owners' association of the condo building in which he resides. Plaintiff purchased a condo unit in the building in May 2021. Docket No. 35 at 2. Plaintiff alleges that the condo building is a common-interest community under Nevada law. *Id.* at 3. As a unit owner, Plaintiff further alleges that he is a member of the defendant unit-owners' association and the common-interest community. *Id.*

Plaintiff alleges that Defendant is organized under Nevada law and exercises the powers granted to unit-owners' associations by NRS 116.3102. *Id.* Plaintiff alleges that these powers include: adopting and amending rules and regulations; instituting, defending, or intervening in litigation on behalf of itself or two or more units' owners on matters affecting the common-interest community; regulating the use, and maintenance of common elements; imposing reasonable fines for violations of the governing documents, but only if the association complies with NRS 116.31031; and exercising any other powers necessary and proper for the governance of the association. *See* Docket No. 35 at 3 (citing NRS 116.3102). Plaintiff alleges that a unit-owners'

---

[1] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

association's executive board may determine whether to take enforcement action by exercising the association's power to impose sanctions or commence an action for a violation of the declaration, bylaws, or rules. *See id.*

Plaintiff alleges that on February 18, 2025, he received a cease-and-desist letter in an email from the condo building community manager. [2] *Id.* at 5-6. Plaintiff alleges that the letter lacked specific facts to indicate the conduct to be ceased and contained only vague and unsupported conclusions as to "general unwanted attention," and "growing apprehension and uneasiness." *Id.* at 6. Plaintiff also received an agenda for an executive board meeting scheduled for February 21, 2025. *Id.* The agenda included an item labeled, "policy adoption – anti-bullying." *Id.*

On February 21, 2025, Defendant's executive board passed a resolution titled, "Bullying as a Violation of the Nuisance Covenant" ("Anti-Bullying Policy"). *Id.* at 4. Plaintiff alleges that on February 26, 2025, he received a copy of the Anti-Bullying Policy and a memorandum stating that, "this policy will be effective and enforceable 30 days from the date of this mailer," making the policy effective on or about March 28, 2025. *Id.* Plaintiff further alleges that the memorandum explained that "[t]he purpose of this policy … is to incorporate the anti-bullying provision set forth in NRS 116.31184." *Id.* Plaintiff alleges that the Anti-Bullying Policy quotes subsection 1 of NRS 116.31184, but omits subsection 2, which states, "[a] person who violates the provisions of subsection 1 is guilty of a misdemeanor." *Id.* (citing NRS 116.31184(2)). Further, Plaintiff alleges that, by enacting the Anti-Bullying Policy, which purports to enforce NRS 116.31184, Defendant enacted a scheme whereby Defendant punishes non-criminal behavior. *Id.* at 5. Additionally, Plaintiff alleges that Defendant acted under color of state law in establishing the Anti-Bullying Policy because Defendant's executive board's existence and powers are derived from state law. *Id.* at 4-5 (citing NRS 116.3103).

Construing Plaintiff's complaint liberally, the Court finds that Plaintiff brings a civil rights claim under 42 U.S.C. § 1983 for alleged violations of the First Amendment of the United States

---

[2] In the first amended petition, Plaintiff references various exhibits; however, there are no exhibits attached to it.

Constitution.[3]  *See* Docket No. 35 at 1.  Plaintiff requests a declaratory judgment that: (1) Defendant is acting under color of state law when it passes and seeks to enforce rules and punish violations; and (2) that the Anti-Bullying Policy violates the United States and Nevada Constitutions.

## II.    STANDARDS

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, courts accept all well-pled factual allegations in the operative complaint as true and construe them in the light most favorable to the nonmoving party.  *Fields v. Twitter, Inc.*, 881 F.3d 739, 743 (9th Cir. 2018).  To avoid dismissal, the operative complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Instead, the operative complaint must show that there is facial plausibility to the claim.  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

## III.    ANALYSIS

The motion to dismiss seeks relief on two issues: (1) that the first amended petition was filed in violation of NRS 38.310, as it is based on a claim relating to the interpretation, application, or enforcement of a rule adopted by a unit-owners' association, and it was not first submitted to mediation; and (2) that Defendant is not acting under color of state law when it passes and seeks to enforce rules and punish violations.  The Court will address each issue in turn.

---

[3] Section 1983 provides "a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 394 (1989). "[T]he Declaratory Judgment Act does not by itself confer federal subject-matter jurisdiction." *Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005). "To obtain declaratory relief in federal court, there must be an independent basis for jurisdiction." *Stock W., Inc. v. Confederated Tribes of the Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citing *Miller–Wohl Co. v. Commissioner of Labor & Indus.*, 685 F.2d 1088 (9th Cir.1982)).

**A. NRS 38.310**

Defendant submits that NRS 38.310 requires dismissal because Plaintiff's first amended petition is based on the interpretation, application, and enforcement of the Anti-Bullying Policy, and this matter was not first submitted to mediation. *See* Docket No. 36 at 7-8; *see also* Docket No. 40 at 3-5. Plaintiff contends that NRS 38.310 does not deprive a federal court of the ability to rule on an alleged violation of the United States Constitution. *See* Docket No. 38 at 2-6.

NRS 38.310 bars any "civil action based upon a claim relating to … [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property or any bylaws, rules or regulations adopted by an association" that has not been first submitted to mediation. NRS 38.300(3) defines "civil action" to include an action for money damages or equitable relief, but not "an action in equity for injunctive relief in which there is an immediate threat of irreparable harm."

Courts in this District have held that "NRS 38.310 is not a jurisdictional statute; it is an exhaustion statute that creates prerequisites for filing certain state-law claims. Its applicability is governed by the *Erie* doctrine." *Carrington Mortg. Servs., LLC v. Absolute Bus. Sols., LLC*, 2016 WL 1465339, at *3 (D. Nev. Apr. 14, 2016). The Supreme Court of Nevada has also held that "NRS 38.310 is not jurisdictional but a claims-processing rule," and that "it imposes a procedural precondition to a suit asserting certain contract-based claims." *Kosor v. S. Highlands Cmty. Ass'n*, 570 P.3d 160, 168 (Nev. 2025) (citing *Saticoy Bay, LLC, Series 9720 Hitching Rail v. Peccole Ranch Cmty. Ass'n*, 495 P.3d 492, 498 (Nev. 2021)).

Defendant cites *Nationstar Mortgage, LLC v. Maplewood Springs Homeowners Association*, 238 F. Supp. 3d 1257, 1269 (D. Nev. 2017), for the proposition that federal courts are also bound by NRS 38.310. *See* Docket No. 40 at 5. Unlike *Nationstar Mortgage*, this case does not involve a claim for breach of NRS 116.1113, nor does it involve a claim for breach of NRS 116.31065. *See* Docket No. 40 at 5 ("Defendant is not arguing that it is in violation of NRS 116.31065, as Plaintiff alleges"). Plaintiff is bringing a § 1983 claim for alleged constitutional violations. Defendant fails to explain why the procedural requirements of NRS 38.310 apply to a federal claim brought in federal court, beyond merely asserting that Plaintiff's claim relates to the

4

interpretation of the Anti-Bullying Policy. *See id.* at 4. Further, the United States Supreme Court has held that "exhaustion of state administrative remedies should not be required as a prerequisite to bringing an action pursuant to § 1983." *Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496, 516 (1982). Therefore, the lack of mediation is not a reason to dismiss Plaintiff's petition.

### B. Acting Under Color of State Law

Defendant submits that Plaintiff's allegation that Defendant is acting under color of state law is insufficient as a matter of law. *See* Docket No. 36 at 8-9; *see also* Docket No. 40 at 5-10. Plaintiff contends that Defendant's actions constitute action under color of state law because the State of Nevada is intimately involved in HOA affairs and Defendant exercises significant power over its members. *See* Docket No. 38 at 7-15.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983's "under color of state law" requirement is the same as the Fourteenth Amendment's "state action" requirement. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929 (1982). Both requirements exclude "merely private conduct, no matter how discriminatory or wrongful," from their reach. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). The First Amendment's Free Speech Clause, the guarantee Plaintiff invokes in this case, also explicitly requires governmental action. *See Lindke v. Freed*, 601 U.S. 187, 195 (2024) (citing U.S. Const. amend. I ("Congress shall make no law … abridging the freedom of speech … ")). The threshold issue here is whether Defendant, a private party, is acting under color of state law.

"Courts 'start with the presumption that private conduct does not constitute governmental action.'" *Yan Sui v. 2176 Pac. Homeowners Ass'n*, 2014 WL 5465280, at *8 (C.D. Cal. Sept. 30, 2014), *report and recommendation adopted*, 2014 WL 5465281 (C.D. Cal. Oct. 28, 2014), *aff'd*, 693 F. App'x 503 (9th Cir. 2017) (quoting *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999)). Before determining whether Defendant acted under color of law, the Court must first identify "the specific conduct of which the plaintiff complains." *See Rawson v.*

*Recovery Innovations, Inc.*, 975 F.3d 742, 747 (9th Cir. 2020) (citing *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010)).  Plaintiff contends that Defendant acts under color of state law when it passes and seeks to enforce rules and punish violations, and that the Anti-Bullying Policy—one of the rules passed by Defendant—violates the United States and Nevada Constitutions.  Therefore, the relevant inquiry is whether Defendant's role in establishing rules and punishing violations constitutes action under color of state law, and more specifically, whether Defendant's enactment of the Anti-Bullying Policy constitutes action under color of state law.

The determination of whether a private entity acts under color of state law "is a matter of normative judgment, and the criteria lack rigid simplicity." *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 747 (9th Cir. 2020) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295-96 (2001)).  The Ninth Circuit has recognized at least four different tests that may help in identifying state action: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus."[4] *Rawson*, 975 F.3d at 747 (quoting *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003)).  "Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists." *Id.*

First, "[t]he public function test is satisfied only on a showing that the function at issue is 'both traditionally and exclusively governmental.'" *Rawson*, 975 F.3d at 748 (citing *Kirtley*, 326 F.3d at 1093).  Second, the joint action test "may be satisfied where the court finds 'a sufficiently close nexus between the state and the private actor "so that the action of the latter may be fairly treated as that of the State itself,"' or where the State has 'so far insinuated into a position of interdependence with the [private party] that it was a joint participant in the enterprise.'" *Rawson*, 975 F.3d at 748 (quoting *Jensen v. Lane Cnty.*, 222 F.3d 570, 575-78 (9th Cir. 2000)).  Third, government compulsion or coercion may exist where the state "has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be

---

[4] Both the Supreme Court and Ninth Circuit have acknowledged that these different tests may be "simply different ways of characterizing the necessarily fact-bound inquiry that confronts the Court." *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 747 (9th Cir. 2020) (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 939 (1982)).

deemed to be that of the State." *See Rawson*, 975 F.3d at 748 (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).  Fourth, the government nexus test asks whether "there is a such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself." *Kirtley*, 326 F.3d at 1095 (quoting *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).  "At bottom, the inquiry is always whether the defendant has 'exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"  *Rawson*, 975 F.3d at 748 (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)) (citation modified).

Plaintiff argues that Defendant acted under color of law under the "public function" test, as described in *Cummings v. Charter Hosp. of Las Vegas, Inc.*, 896 P.2d 1137 (Nev. 1995).  *See* Docket No. 38 at 8.  Plaintiff contends that the powers granted to unit-owners' associations by NRS 116.3102 "goes beyond mere regulation and authorizes the exercise by private persons of significant power" over association members.  *See id.* (quoting *Cummings*, 896 P.2d at 1144).  Plaintiff submits that the powers granted to and exercised by Defendant meet or exceed the standard in *Cummings*, where the Nevada Supreme Court held that state law allowing private persons to involuntarily hospitalize the mentally ill made a private mental hospital and physicians state actors.  *See id.* at 9.  Further, Plaintiff asserts that the powers exercised by Defendant in passing and attempting to enforce a "speech code" are traditionally reserved to the state.  *See id.* at 10-14.  Defendant contends that Plaintiff alleges action by a private party pursuant to statute which, without more, is not sufficient to justify a characterization of that party as a state actor. Docket No. 40 at 6 (quoting *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg., a Div. of Wells Fargo Bank, N.A.*, 388 P.3d 970, 973 (Nev. 2017)).  Therefore, both parties agree that the powers exercised by Defendant are pursuant to state statute but disagree as to whether there is something more which indicates that Defendant is acting under color of state law. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982).  The Court will address whether Defendant is acting under color of state law, first, in the broader context of passing rules and punishing violations and, second, in the more specific context of enacting the Anti-Bullying Policy.

1. <u>Passing Rules and Punishing Violations</u>

Plaintiff contends that the powers granted to Defendant in NRS Chapter 116, specifically in NRS 116.3102 and NRS 116.31031, allow unit-owners' associations and their executive boards to exercise significant power over others. *See* Docket No. 38 at 8. Although Plaintiff takes issue with multiple powers granted to unit-owners' associations, the particular powers at issue here are the ability to pass and enforce rules and punish violations, as set forth in NRS 116.3102(1)(a), (3).

Plaintiff fails to explain why granting unit-owners' associations the ability to pass and enforce rules and punish violations within their respective communities makes them a state actor, beyond merely describing these powers as legislative, executive, judicial, and police powers. *See* Docket No. 38 at 9. Plaintiff provides no specific showing as to why those powers are "both traditionally and exclusively governmental." *Rawson*, 975 F.3d at 748 (citing *Kirtley*, 326 F.3d at 1093). Instead, Plaintiff cites to the *Cummings* case, in which the Nevada Supreme Court held that detention of persons against their will is traditionally a public function delegated by the state under certain circumstances to private health care providers. *See* Docket No. 38 at 9-10; *see also Cummings v. Charter Hosp. of Las Vegas, Inc.*, 896 P.2d 1137, 1145 (1995). Those private health care providers were then clothed with authority of state law and exercised a power possessed by virtue of that law. *See id.* Plaintiff's comparison to *Cummings* is unpersuasive here because he fails to explain why the ability to pass and enforce rules and punish violations is traditionally a public function delegated by the state. Mere "[c]onclusory allegations are insufficient to establish the element of action under color of state law." *Yan Sui v. 2176 Pac. Homeowners Ass'n*, 2014 WL 5465280, at *8 (C.D. Cal. Sept. 30, 2014) (citing *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 900 (9th Cir. 2008)).

Further, an abundance of persuasive authority exists holding that homeowners' associations are not state actors. *See Harris v. Helsing*, 2021 WL 1164521, at *2 (E.D. Cal. Mar. 26, 2021), *report and recommendation adopted*, 2021 WL 1721666 (E.D. Cal. Apr. 30, 2021) (collecting cases). In an unpublished decision, the Ninth Circuit held that a Nevada resort owners' association was not acting under color of law under § 1983 because it "did not perform the traditional and exclusive public function of municipal governance." *Snowdon v. Preferred RV*

8

*Resort Owners Ass'n*, 379 F. App'x 636, 637 (9th Cir. 2010) (citing *Marsh v. Alabama*, 326 U.S. 501 (1946)). Like the plaintiffs in *Snowdon*, Plaintiff here fails to show why Defendant "assumed all of the attributes of a state-created municipality" and "exercised semi-official municipal functions as a delegate of the State." 379 F. App'x at 637 (quoting *Hudgens v. NLRB*, 424 U.S. 507, 519 (1976)). Courts have also found that homeowners' associations were not state actors when they: imposed HOA fees, *see Harris*, 2021 WL 1164521, at *2; levied fines for violations of association rules and enforced liens, *see Lennon v. Overlook Condo. Ass'n*, 2008 WL 2042636, at *5 (D. Minn. May 13, 2008); required payment to prevent a trustee's sale, *see Yan Sui*, 2014 WL 5465280, at *11 (C.D. Cal. Sept. 30, 2014); and carried out a nonjudicial foreclosure sale pursuant to statute, *see JPMorgan Chase Bank, N.A. v. SFR Invs. Pool 1, LLC*, 200 F. Supp. 3d 1141, 1158 (D. Nev. 2016). Contrary to Plaintiff's contentions, the power to pass and enforce rules and punish violations is simply not the type of power traditionally exclusively reserved for the state. *See Lennon v. Overlook Condo. Ass'n*, 2008 WL 2042636, at *5 (D. Minn. May 13, 2008) (explaining that private entities, such as the NCAA and National Basketball Association, make rules, conduct hearings, issue decisions, and impose fines, but are not state actors).

### 2. Enacting the Anti-Bullying Policy

Plaintiff's contention that Defendant's enactment of the Anti-Bullying Policy means it is acting under color of state law similarly falls short because "[m]ere conclusory allegations of violation of the First Amendment, without more, are insufficient to state a First Amendment claim." *See Franciscan Mobile Home Owners for Just. v. Linc Hous. Corp.*, 2011 WL 13253661, at *5 (N.D. Cal. Feb. 11, 2011) (holding that a mobile home park was not acting under color of law to support a claim for violation of plaintiffs' First Amendment rights when it forced residents to remove religious emblems and the American flag from their homes).

In *Franciscan Mobile Home Owners for Just.*, the court determined that the plaintiffs' allegations were insufficient because they did not allege that the mobile home park was, "for all purposes, a privately owned town and that all alternate channels of expression are closed by the acts of private actors reinforced by state criminal statutes." 2011 WL 13253661, at *5 (analogizing to the Supreme Court's opinion in *Marsh v. State of Alabama*, 326 U.S. 501 (1946)). Instead, the

court found the plaintiffs' allegation more analogous to *Loren v. Sasser*, where the Eleventh Circuit declined to find that a homeowners' association was a state actor when it forbade residents from placing "for sale" signs in their windows. *See id.* (citing *Loren v. Sasser*, 309 F.3d 1296, 1303 (11th Cir. 2002)). While Plaintiff cites to a California Court of Appeals case recognizing the similarities between an HOA and a municipality, Plaintiff fails to demonstrate that the condo building in which he resides is like a privately owned town and that Defendant's Anti-Bullying Policy closed all alternate channels of expression within the building. *See* Docket No. 38 at 13-14 (citing *Cohen v. Kite Hill Cmty. Assn.*, 142 Cal. App. 3d 642, 651 (Cal. Ct. App. 1983)).

Therefore, Plaintiff fails to demonstrate that Defendant was acting under color of state law. Accordingly, the Court grants Defendant's motion to dismiss for failure to state a claim under 42 U.S.C. § 1983 for violations of the United States Constitution.

### C. Leave to Amend

The Court declines to grant leave to amend the complaint because amendment would be futile. As explained above, these facts are insufficient to state a claim. *See Snowdon v. Preferred RV Resort Owners Ass'n*, 379 F. App'x 636, 638 (9th Cir. 2010); *see also Harris v. Helsing*, 2021 WL 1164521, at *3 (E.D. Cal. Mar. 26, 2021), *report and recommendation adopted*, 2021 WL 1721666 (E.D. Cal. Apr. 30, 2021) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Yan Sui v. 2176 Pac. Homeowners Ass'n*, 2014 WL 5465280, at *13 (C.D. Cal. Sept. 30, 2014), *report and recommendation adopted*, 2014 WL 5465281 (C.D. Cal. Oct. 28, 2014), *aff'd*, 693 F. App'x 503 (9th Cir. 2017).

## IV.    CONCLUSION

For the reasons discussed above, the Court **GRANTS** the motion to dismiss. Docket No. 36. The Court **DENIES** all other pending motions as moot. Docket Nos. 39, 41, 43, 49, 54, 59. The Clerk's Office is **INSTRUCTED** to close this case.

IT IS SO ORDERED.

Dated: February 12, 2026

Nancy J. Koppe
United States Magistrate Judge

10