**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JAMES J. MACHOWSKI,

    Plaintiff,

v.

OGDEN UNIT OWNERS ASSOCIATION,

    Defendant.

Case No. 2:25-cv-00583-NJK

**Order**

[Docket Nos. 67, 68]

Pending before the Court is Plaintiff's objection to Defendant's bill of costs. [1]  Docket No. 68; *see also* Docket No. 66 (Defendant's bill of costs).  Defendant filed a reply.  Docket No. 71.  Also pending before the Court is Defendant's motion for attorneys' fees and costs.  Docket No. 67.  Plaintiff filed a response.  Docket No. 69.  Defendant filed a reply.  Docket No. 70.  The Court does not require a hearing.  *See* Local Rule 78-1.

**I.     BACKGROUND**

This action arises from a dispute between Plaintiff and the unit-owners' association of the condo building in which he resides.[2]  Plaintiff brought a civil rights claim under 42 U.S.C. § 1983 for alleged violations of the First Amendment of the United States Constitution.  *See* Docket No. 35 at 1.  Plaintiff requested a declaratory judgment that: (1) Defendant is acting under color of state law when it passes and seeks to enforce rules and punish violations; and (2) that the Anti-Bullying Policy violates the United States and Nevada Constitutions.  *See id.* at 9.  On February 12, 2026, the Court granted Defendant's motion to dismiss and entered judgment in favor of Defendant.  Docket No. 62.  On February 26, 2026, Defendant filed a bill of costs and motion for attorneys' fees and costs.  Docket Nos. 66, 67.

---

[1] The Court liberally construes the filings of *pro se* litigants.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] As the parties are already familiar with the facts of this case, the Court will not provide an extensive factual background.

## II.    STANDARDS

Federal Rule of Civil Procedure 54(d) contains two separate provisions for costs.  To request taxable costs, the prevailing party must file a bill of costs with the clerk.  *See also* Local Rule 54-1.  Taxable costs are taxed by the clerk rather than the court.  Fed. R. Civ. P. 54(d)(1).  Under Federal Rule of Civil Procedure 54(d)(1), a prevailing party is entitled to costs other than attorneys' fees "[u]nless a federal statute, these rules, or a court order provides otherwise."  The categories of taxable costs are set forth in 28 U.S.C. § 1920.  Local Rules 54-2 through 54-11 provide the items that can and cannot be taxed as costs in this District.  "Courts may not tax costs under Rule 54(d) that are not authorized by statute or court rule."  *Herndon v. City of Henderson*, 2024 WL 3013431, at *2 (D. Nev. June 13, 2024) (citing *Arlington Cent. School Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 301 (2006)).  Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party, "but vests in the district court discretion to refuse to award costs."  *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014) (quoting *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000)).

To request nontaxable costs and attorneys' fees, a party must file a motion with the Court.  Fed. R. Civ. P. 54(d)(2); *see also* Local Rule 54-14.  "While Federal Rule of Civil Procedure 54(d)(2) authorizes fee requests to be made by motion, the rule itself does not provide authority for awarding fees; rather, 'there must be another source of authority for such an award.'"  *Hunt v. Zuffa, LLC*, 528 F. Supp. 3d 1180, 1183 (D. Nev. 2021) (citing *MRO Commc'ns, Inc. v. AT&T*, 197 F.3d 1276, 1281 (9th Cir. 1999)).  This requirement "gives effect to the 'American Rule' that each party must bear its own attorneys' fees in the absence of a rule, statute or contract authorizing such an award."  *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999) (citing *Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc.*, 84 F.3d 1186, 1192 (9th Cir.1996)).  Local Rule 54-14(a)-(b) sets forth the requirements for motions for attorneys' fees.  Failure to provide the information required by subsections (a) and (b) may be deemed a consent to the denial of the motion.  Local Rule 54-14(c).

**III.    OBJECTION TO BILL OF COSTS, DOCKET NO. 68**

Defendant seeks $2,887.53 in costs: $130.00 for investigative services, $2,695.00 for an expert report, $53.43 for FedEx shipments, and $9.10 for PACER charges.  Docket No. 66; *see also* Docket No. 66-1 at 2.

Plaintiff submits that the costs Defendant requests are expressly prohibited by Local Rule 54-11.  Docket No. 68 at 1.  Plaintiff contends that Defendant's requested expert fees are specifically excluded as costs not ordinarily allowed under Local Rule 54-11(h).  Docket No. 68 at 2.  Further, Plaintiff contends that investigative services fees are excluded by Local Rule 54-11(i).  *Id.*  Additionally, Plaintiff contends that PACER fees are specifically excluded by Local Rule 54-6(b)(2).  *Id.*  Finally, Plaintiff contends that FedEx costs are specifically excluded as office overhead expenses by Local Rule 54-11(j).  *Id.*

In reply, Defendant submits that its claimed costs are not expressly prohibited.  Docket No. 71 at 3.  Defendant contends that its FedEx costs are not general overhead expenses because they were incurred for overnight delivery to Plaintiff of copies of Defendant's motions since Plaintiff had not signed up for electronic service of documents.  *Id.* at 3-4.  Defendant contends that these costs were passed on to Defendant and, thus, do not constitute fees for general overhead.  *Id.* at 4. Defendant fails to put forth any argument as to its other requested costs; however, if the Court declines to award Defendant's costs as taxable costs, Defendant requests that the Court award them as nontaxable costs pursuant to Federal Rule of Civil Procedure 54(d)(2).  *Id.*

Plaintiff has the better argument.  Costs for expert witness fees are not ordinarily allowed. Local Rule 54-11(h); *see also Best v. Las Vegas Metro. Police Dep't*, 2025 WL 2939242, at *2 (D. Nev. Oct. 14, 2025); *see also Hoch v. Gaughan S. LLC*, 2026 WL 508804, at *2 (D. Nev. Feb. 23, 2026).  Costs for investigative services fees are not ordinarily allowed.  Local Rule 54-11(i). Costs for PACER fees are not taxable.  Local Rule 54-6(b)(2).  Defendant fails to cite any authority for its argument that FedEx costs are not general overhead expenses.  *See* Local Rule 54-11(j) (general office overhead costs are not ordinarily allowed); see also *Herndon v. City of Henderson*, 2024 WL 3013431, at *2 (D. Nev. June 13, 2024) (citing *Arlington Cent. School Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 301 (2006)) ("Courts may not tax costs under Rule 54(d) that are not

authorized by statute or court rule"). Therefore, the Court **SUSTAINS** Plaintiff's objection to Defendant's bill of costs. Docket No. 68. Nonetheless, the Court considers Defendant's request for nontaxable costs in considering its motion for attorneys' fees and costs.

## IV.    MOTION FOR ATTORNEYS' FEES AND COSTS, DOCKET NO. 67

Defendant submits that it is entitled to an award of attorneys' fees and costs pursuant to The Ogden's Covenants, Conditions, and Restrictions (CC&Rs) and because Plaintiff acted in bad faith, vexatiously, wantonly, or for oppressive reasons. Docket No. 67 at 7-12.

### A.  The Ogden's Covenants, Conditions, and Restrictions

Defendant contends that it is entitled to attorneys' fees pursuant to The Ogden's CC&Rs. *Id.* at 7-8. Defendant submits that, by purchasing a unit within a common-interest community, a homebuyer manifests acceptance of the CC&Rs. *Id.* at 7. Further, Defendant contends that Plaintiff is bound by a provision in The Ogden's CC&Rs which provides that, "[a]ny judgment rendered in any action or proceeding pursuant to this Declaration shall include a sum for attorneys' fees in such amount as the court may deem reasonable, in favor of the prevailing party, as well as the amount of any delinquent payment, interest thereon, costs of collection and costs of court." *Id.* at 8 (citing Section 18.2 of The Ogden's CC&Rs). Additionally, Defendant contends that Plaintiff's first amended petition constitutes an action pursuant to the CC&Rs and, therefore, as the prevailing party, Defendant is entitled to attorneys' fees. Docket No. 67 at 8.

Plaintiff contends that Section 18.2 of The Ogden's CC&Rs was drafted with collection proceedings in mind. Docket No. 69 at 6-7. Further, Plaintiff contends that Defendant's motion to dismiss does not assert a claim for attorneys' fees. *Id.* at 7-8. Additionally, Plaintiff contends that the phrase "pursuant to a contract" is ambiguous, and any ambiguities should be construed against Defendant as the drafter of the CC&Rs. *Id.* at 8.

Defendant fails to cite any caselaw in which a federal court granted a prevailing common-interest community attorneys' fees on the basis of an attorneys' fees provision in the community's CC&Rs. While Defendant cites *Chase v. Bearpaw Ranch Ass'n*, 133 P.3d 190, 197 (Mont. 2006), for its analysis of an attorneys' fees provision in CC&Rs under contract law principles, that case involved a claim for violation of Montana law—not a claim under 42 U.S.C. § 1983 for alleged

violations of the First Amendment of the United States Constitution. Further, Defendant fails to provide argument as to whether a claim under 42 U.S.C. § 1983 for alleged violations of the First Amendment can be properly construed as a "proceeding pursuant to [The Ogden's CC&Rs]." Therefore, the Court declines to award Defendant's attorneys' fees under Rule 54(d)(2) pursuant to The Ogden's CC&Rs.

### B. Plaintiff Acted in Bad Faith, Vexatiously, Wantonly, and for Oppressive Reasons

Defendant submits that it is entitled to attorneys' fees because Plaintiff acted in bad faith, vexatiously, wantonly, or for oppressive reasons in filing and maintaining the instant case. Docket No. 67 at 8-12. Defendant submits that Plaintiff was merely using this litigation as a vehicle to harass Defendant and an attempt to obtain information pertaining to an alleged rumor about him that was purportedly circulating throughout The Ogden. Docket No. 67 at 9. Further, Defendant contends that, if Plaintiff was truly concerned about the Anti-Bullying Policy, he would have first gone to mediation pursuant to NRS 38.310. *Id.* at 12. Additionally, Defendant contends that Plaintiff forced Defendant to incur attorneys' fees in defending this litigation. *Id.*

Plaintiff submits that the instant case is easily distinguishable from the cases Defendant cites which involve bad faith. Docket No. 69 at 9-12. Further, Plaintiff contends that every contract in Nevada implies an obligation of good faith and fair dealing on all parties. *Id.* at 12-13. Additionally, Plaintiff contends that the Nevada administrative code prohibits a community manager from engaging in deceitful, fraudulent, or dishonest conduct, and that The Ogden's former community manager may have done so by procuring two cease-and-desist letters based on lies. *Id.* at 13-22. Moreover, Plaintiff contends that Rule 54(d) requires the moving party to disclose the terms of any agreement about fees. *Id.* at 22.

"An award of attorney fees under the 'bad faith' exception 'is punitive, and the penalty can be imposed "only in exceptional cases and for dominating reasons of justice."'" *Beaudry Motor Co. v. Abko Props., Inc.*, 780 F.2d 751, 756 (9th Cir. 1986) (quoting *United States v. Standard Oil Co.*, 603 F.2d 100, 103 (9th Cir. 1979)). The Court does not find that Plaintiff acted in bad faith, vexatiously, wantonly, or for oppressive reasons. Therefore, the Court declines to award Defendant attorneys' fees under Rule 54(d)(2).

**C.  Nontaxable Costs**

Defendant requests an award of its nontaxable costs pursuant to Rule 54(d)(2).  Docket Nos. 67 at 6, 70 at 12.  Given that the Court denies Defendant's request for attorneys' fees pursuant to Rule 54(d)(2), the court also declines to award Defendant its nontaxable costs.

**V.    CONCLUSION**

For the reasons discussed above, the Court **SUSTAINS** Plaintiff's objection to Defendant's bill of costs.  Docket No. 68.  Defendant's costs are re-taxed at $0.  The Clerk's Office is **INSTRUCTED** to enter an amended judgment reflecting this award in favor of Defendant.

The Court **DENIES** Defendant's motion for attorneys' fees and costs.  Docket No. 67.

IT IS SO ORDERED.

Dated: June 8, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

6